| | | | |
|---|---|---|---|
| Case No. | **CV 19-271-DMG (SPx)** | Date | April 1, 2019 |
| Title | *U.S. Bank Trust, N.A. v. Sergio Alvarez, et al.* | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING ACTION TO SAN BERNARDINO COUNTY SUPERIOR COURT**

On December 10, 2018, Plaintiff U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust filed a Verified Limited Civil Complaint for Unlawful Detainer in San Bernardino County Superior Court against Defendants Sergio Alvarez and Alicia Rosas. [Doc. # 1 at 13.] Plaintiff seeks restitution and possession of the property at issue, and damages of $177 per day from December 3, 2018 through the entry of judgment in this action. *Id.* at 15.

Defendants removed the case to this Court on February 10, 2019, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). *Id.* at 3. Defendants contend that the Court has federal question jurisdiction over the action because Plaintiff has violated several of Defendants' constitutional rights. *Id.* It is axiomatic, however, that federal jurisdiction cannot rest upon an actual or anticipated defense. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Complaint in this case raises no federal question.

Defendants also claim that the Court has diversity jurisdiction over the action, but that argument fails as well. Defendants assert they are both citizens of California. [Doc. # 1 at 3.] As a result, even if diversity jurisdiction was otherwise proper, they still could not remove the case to federal court. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-271-DMG (SPx)** | Date | April 1, 2019 |
|---|---|---|---|
| Title | *U.S. Bank Trust, N.A. v. Sergio Alvarez, et al.* | Page | 2 of 2 |

the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *In re Cty. of Orange*, 784 F.3d 520, 530 (9th Cir. 2015). Furthermore, the amount in controversy appears to be well below the $75,000 threshold for litigation a diversity action in federal court. Plaintiff's Complaint makes clear that it seeks only $177 per day from December 3, 2018 forward. To date, that amount totals $20,532. The Complaint also plainly states that it is a limited civil action wherein Plaintiff seeks no more than $10,000. [Doc. # 1 at 13]; *see also Lamke v. Sunstate Equip. Co., LLC*, 319 F. Supp. 2d 1029, 1031 (N.D. Cal. 2004) ("in limited civil case, amount in controversy cannot exceed $25,000") (citing Cal. Civ. Proc. Code §§ 85-86).

Although Plaintiff has filed a motion to remand and an application for order shortening time [Doc. ## 7, 8], this Court can examine its own subject matter jurisdiction at any time. *See* Fed. R. Civ. P. 12(h)(3). Having determined that it does not have subject matter jurisdiction over this case, the Court *sua sponte* orders this action **REMANDED** to the San Bernardino County Superior Court. Plaintiff's motion to remand and application for order shortening time [Doc. ## 7 and 8] are **DENIED as moot**.

**IT IS SO ORDERED.**